| | |
|---|---|
| 1 | LAUBSCHER, SPENDLOVE & LAUBSCHER, P.C. |
| | ROBERT D. SPENDLOVE |
| 2 |     Utah State Bar No: 15924 |
| | LAWRENCE E. LAUBSCHER, JR. |
| 3 |     *pro hac vice* pending |
| 4 | 1160 Spa Road, Suite 2B |
| | Annapolis, Maryland 21403 |
| 5 | Telephone: (410) 280-6608 |
| | Facsimile: (410) 280-6758 |
| 6 | RSpendlove@laubscherlaw.com |
| 7 | LLaubscher@laubscherlaw.com |
| 8 | |
| | Attorneys for Plaintiff |
| 9 | AMERICAN AUTOMOBILE ASSOCIATION, INC. |

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., | Case No.: 2:17-cv-01267-PMW |
| Plaintiff, | **COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, DECEPTIVE TRADE PRACTICES, INJUNCTIVE RELIEF, AND DAMAGES** |
| v. | |
| SERVICEMASTER RESTORE BY AAA | |
| and | |
| SERVICEMASTER GLOBAL HOLDINGS, INC., | |
| Defendant. | |

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, DECEPTIVE TRADE PRACTICES, INJUNCTIVE RELIEF, AND DAMAGES

### Introduction

Plaintiff, AMERICAN AUTOMOBILE ASSOCIATION, INC. ("AAA"), for its complaint against Defendants SERVICEMASTER RESTORE BY AAA ("ServiceMaster Restore") and SERVICEMASTER GLOBAL HOLDINGS, INC. ("ServiceMaster"), alleges and avers as follows:

### Parties

1. AAA is a corporation organized and existing under the laws of the State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow, Florida 32746.

2. On information and belief, ServiceMaster Restore is a corporation organized and existing under the laws of the State of Utah, located and doing business at 476 E. Riverside Drive, B4, St. George, UT 84790.

3. On information and belief, ServiceMaster is a corporation organized and existing under the laws of the State of Delaware, located and doing business at 860 Ridge Lake Blvd., Memphis, TN 38120.

### Jurisdiction

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. 1331, and 28 U.S.C. 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c). This Court has personal jurisdiction over Defendant ServiceMaster Restore who, upon information and belief, is incorporated in and conducts its business in the State of Utah. This Court has personal jurisdiction over Defendant ServiceMaster who, upon information and belief, has purposefully availed themselves to the benefits and protections of the State of Utah through their business relationship with ServiceMaster Restore.

- 1 -

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES

### Venue

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b), as ServiceMaster Restore has its principal place of business in this judicial district and all or a substantial part of the events giving rise to this action occurred in this judicial district.

### Nature of the Case

6. AAA seeks injunctive relief, damages, attorney's fees, and costs against Defendants for service mark infringement under 15 U.S.C. § 1114(1)(a) and (b), for false designation of origin and/or sponsorship under 15 U.S.C. §1125(a), for dilution under 15 U.S.C. §1125(c), for Deceptive Trade Practices under Utah Code §§ 13-11a-1 et seq., and for Unfair Competition by Trademark Infringement under Utah Code §§ 13-5a-101 et seq.

### Factual Allegations Common to All Counts

7. For more than 100 years AAA has been a leader in a number of service industries, including providing insurance for residential and commercial buildings, condominiums, automobiles, to name a few.

8. AAA uses numerous trademarks to identify its services, many of which are registered with the U.S. Patent and Trademark Office. U.S. Registration No. 829,265 is for AAA (the "AAA mark") in standard characters in, among others, international class 36 for, among other things, placing insurance with underwriters (i.e. insurance services).

9. The AAA mark is easily recognizable and distinguishes AAA and its authorized services. The public and those in the insurance industry recognize this mark as identifying services of AAA and the businesses that are affiliated with AAA. When AAA members are in need of insurance for their homes, automobiles, business, or other needs, they turn to AAA to fulfill that need. The AAA mark distinguishes businesses that are affiliated with AAA. Members of AAA as well as of the

- 2 -

general purchasing public know that with AAA and AAA affiliates they will be provided with high quality services in the insurance industry. A copy of US registration No. 829,265 for the AAA mark is attached as Exhibit A.

10. U.S. Registration No. 829,265 is valid, in force, and is incontestable.

11. AAA provides its services throughout the United States, including Utah, and specifically in southern Utah through its Northern California, Nevada and Utah affiliate club. AAA service facilities and businesses that are associated with AAA, such as those in Utah, are authorized to use the AAA mark with their advertising or in association with their own trademarks and service marks to designate their affiliation with AAA and to associate with the goodwill of AAA.

12. On information and belief, ServiceMaster Restore is a franchisee of ServiceMaster and offers services that include fire, water, mold and smoke restoration.

13. On information and belief, ServiceMaster Restore has relationships with insurance agents and insurance businesses, and from those relationships files claims on behalf of its clients and/or assists its clients in filing insurance claims.

14. On information and belief, ServiceMaster Restore has registered and uses in conjunction with its business the domain name utahrestorationbyaaa.com.

15. On information and belief, ServiceMaster provides franchising and franchisor services to more than 1,900 businesses throughout North America from which it derives a financial benefit.

16. On information and belief, ServiceMaster's franchisees provide cleaning and disaster restoration services under the oversight of Service Master.

17. On information and belief, ServiceMaster develops relationships with insurance agents and insurance business for the benefit of its franchisees and their customers.

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES

18. ServiceMaster Restore's use of "by AAA" is likely to cause consumer confusion as to the source, affiliation and/or authorization of ServiceMaster Restore with AAA.

19. On information and belief, there has been actual confusion by members of AAA that are located in southern Utah, in close proximity to ServiceMaster Restore, regarding ServiceMaster Restore's association with AAA.

20. On information and belief, ServiceMaster has knowledge of ServiceMaster Restore's use of "by AAA."

21. On information and belief, ServiceMaster exercises some control over its franchisees, including the use trademarks and trade names.

22. On information and belief, ServiceMaster has approved and now condones ServiceMaster Restore's use of "by AAA."

23. On information and belief, ServiceMaster has approved and now condones the use of "by AAA" by franchisees other than ServiceMaster Restore.

24. On information and belief, Defendants knew or should have known that the use of "by AAA" would cause a likelihood of perceived association with AAA and trade on the goodwill of AAA.

25. On May 12, 2017, counsel for AAA sent a letter via e-mail and U.S. First Class Mail to ServiceMaster Restore demanding that it cease and desist from any use of the AAA mark, including use with the company name, store and vehicle signage, and all printed materials, and that it cancel its utahrestorationbyaaa.com domain name registration.

26. On July 25, 2017, having received no response from Service Master Restore, counsel for AAA sent a follow-up letter to ServiceMaster Restore via e-mail and U.S. First Class Mail, again

- 4 -

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES

demanding that Service Master Restore cease all use of the AAA mark. ServiceMaster Restore did not respond.

27. On August 29, 2017, counsel for AAA sent a letter to ServiceMaster asking it to instruct its franchisees not to use the "by AAA" ddesignation.

28. Despite repeated letters, e-mails and telephone calls to both Defendants, neither Defendant has provided a substantive response to any inquiries on behalf of AAA.

29. At no time has AAA authorized Defendants to use the AAA mark.

30. On information and belief, at the time of filing this complaint, Defendants have not complied with AAA's demands, despite having constructive notice of AAA's ownership of the trademark because of its federal trademark registration and actual notice due to AAA's prior communications with Defendants.

**FIRST CAUSE OF ACTION**
**Federal Service Mark Infringement**
**Under 15 U.S.C. § 1114(1)(a) and (b)**

31. AAA re-alleges and incorporates by reference paragraphs 1 through 30 above.

32. AAA's registered service mark identified in Exhibit A is valid and subsisting and remains in full force and effect as evidence of the validity thereof and of AAA's ownership of the AAA mark in connection with the services specified in the registration.

33. Since long prior to the acts complained of herein, members of the general consumer population in the United States and its territories and around the world have recognized the AAA mark as an exclusive source identifier for services originating from and/or associated with AAA.

34. As a result of the long period of use and extensive advertisement and provision of services under the AAA mark, members of the general consumer population in the United States recognize the AAA mark as an exclusive source identifier for services originating from AAA.

35. Defendant ServiceMaster Restore's use of a confusingly similar mark in interstate commerce in connection with its restoration services and with insurance claims is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of AAA with Defendants; and (c) AAA's sponsorship, approval, and/or control of the services offered under the AAA mark, all in violation of 15 U.S.C. § 1114(1)(a) and (b).

36. Defendant ServiceMaster's control and approval, whether explicit or implied, of Defendant ServiceMaster Restore's trademarks, specifically the use of "by AAA," renders it liable for ServiceMaster Restore's infringing use of "by AAA," in violation of 15 U.S.C. § 1114(1)(a) and (b).

37. On information and belief, Defendants are now committing the acts complained of above, and have continued to do so, in defiance of AAA's request that they cease such acts.

38. On information and belief, Defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and damage to AAA and are willful in violation of 15 U.S.C. § 1117, thereby entitling AAA to treble damages, attorneys' fees, and costs.

39. Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

40. AAA is entitled to damages because of Defendants' actions and conduct and, because such damages alone do not provide AAA with an adequate remedy at law, AAA is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
### Unfair Competition by False Designation of Origin and Dilution by Service Mark Infringement Under 15 U.S.C. § 1125(a) and (c)

41. AAA re-alleges and incorporates by reference paragraphs 1 through 40 above.

42. On information and belief, Defendant ServiceMaster Restore is using the AAA mark with the deliberate intent of capitalizing and trading on the goodwill and reputation of AAA.

43. Defendant ServiceMaster Restore's use of a confusingly similar mark in interstate commerce in connection with its restoration services and insurance claims constitutes a false designation of the origin and/or sponsorship of such services and falsely describes and represents such services.

44. By its acts as alleged herein, Defendant ServiceMaster Restore has falsely designated and represented services sold in commerce in violation of 15 U.S.C. § 1125(a), has used the goodwill of AAA to sell Defendant's own services, has competed unfairly with AAA, and has harmed the reputation of AAA in violation of 15 U.S.C § 1125(c).

45. Defendant ServiceMaster's control and approval, whether explicit or implied, of ServiceMaster Restore's use of trademarks, specifically the use of "by AAA," renders it liable for ServiceMaster Restore's improper use of "by AAA" in violation of 15 U.S.C. § 1125(a) and 15 U.S.C § 1125(c).

46. Defendants, after due notice, have displayed a willful course of conduct toward appropriation and destruction of AAA's rights in and to the AAA mark.

- 7 -

47. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of AAA's substantial advertising, sales, consumer recognition, and goodwill in connection with the AAA mark.

48. As a result of Defendants' wrongful acts alleged herein, AAA has suffered and will continue to suffer monetary damages in an amount not thus far determined.

49. Defendants' acts and conduct constitute unfair competition that has diluted the distinctive quality of the AAA mark and, unless restrained and enjoined by this Court, will continue to dilute and cause irreparable harm, damage, and injury to AAA's goodwill and business reputation.

50. AAA is entitled to damages because of Defendants' actions and conduct and, because such damages alone do not provide AAA with an adequate remedy at law, AAA is entitled to injunctive relief.

**THIRD CAUSE OF ACTION**
**Deceptive Trade Practices in**
**Violation of Utah Code §§ 13-11a-1 et seq.**

51. AAA re-alleges and incorporates by reference paragraphs 1 through 50 above.

52. Defendant ServiceMaster Restore has adopted and is using a mark similar to the AAA mark in commerce in connection with its restoration services and with insurance claims. ServiceMaster Restor's use of that mark constitutes passing off of its services as those of or affiliated with AAA, and causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection, association with, or certification of its services.

53. As evidenced by the letters sent by AAA to Defendants, and from general knowledge of AAA in the insurance industry, Defendants knew or should have known that the use of a mark similar

- 8 -
COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES

to the AAA mark would cause purchasers to believe Defendants are associated or affiliated with or sponsored by AAA.

54. The acts of the Defendants have caused immediate and irreparable damage to AAA's goodwill.

55. Defendant ServiceMaster Restore acted willfully in its use of a mark similar to the AAA mark.

56. Defendant ServiceMaster Restore's use of "by AAA" is misleading to the reasonable consumer and thus constitutes Deceptive Trade Practices under Utah Code §§ 13-11a-1 et seq.

57. Defendant ServiceMaster's control and approval, whether explicit or implied, of ServiceMaster Restore's trademarks, specifically the use of "by AAA," renders it liable for ServiceMaster Restore's improper use of "by AAA" in violation of Utah Code §§ 13-11a-1 et seq.

58. As a result of Defendants' wrongful acts alleged herein, AAA has suffered and will continue to suffer monetary damage in an amount not thus far determined.

59. Defendants' acts and conduct constitute deceptive trade practices that have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to AAA's goodwill and business reputation.

60. AAA is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide AAA with an adequate remedy at law, AAA is entitled to injunctive relief.

**FOURTH CAUSE OF ACTION**
**Unfair Competition by Trademark Infringement**
**in Violation of Utah Code §§ 13-5a-101 et seq.**

61. AAA re-alleges and incorporates by reference paragraphs 1 through 60 above.

62. Defendant ServiceMaster Restore has adopted and is using a mark similar to the AAA mark in commerce in connection with its restoration services and with insurance claims. Such use has been done with the deliberate intent of capitalizing and trading on the goodwill and reputation of AAA, and will cause the relevant public and trade to believe erroneously that ServiceMaster Restore's services are associated, authorized, sponsored or controlled by AAA.

63. As evidenced by the letters sent by AAA to Defendants, and from general knowledge of AAA in the insurance industry, Defendants knew or should have known that the use of a mark similar to the AAA mark would cause purchasers to believe Defendants services are associated or affiliated with or sponsored AAA.

64. The acts of the Defendants have caused immediate and irreparable damage to AAA's goodwill.

65. Defendant ServiceMaster Restore acted willfully in its use of a mark similar to the AAA mark.

66. Defendant ServiceMaster Restore's use in commerce of "by AAA" in connection with restoration services and with insurance claims constitutes unfair competition under Utah Code §§ 13-5a-101 et seq.

67. Defendant ServiceMaster's control and approval, whether explicit or implied, of Service Master Restore's use of "by AAA," renders it liable for ServiceMaster Restore's improper use of "by AAA" in violation of Utah Code §§ 13-5a-101 et seq.

68. As a result of Defendants' wrongful acts alleged herein, AAA has suffered and will continue to suffer monetary damage in an amount not thus far determined.

69. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to AAA's goodwill and business reputation.

70. AAA is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide AAA with an adequate remedy at law, AAA is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, AAA prays as follows:

A. That Defendants ServiceMaster Restore by AAA and ServiceMaster Global Holdings, Inc., and its officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under Defendants, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined preliminarily during the pendency of this action and permanently thereafter from directly or indirectly using the AAA mark or any confusingly similar mark in any manner in connection with their services.

B. That Defendants account for all profits made by Defendants as a result of their acts constituting infringement of AAA's registered service mark;

C. That Defendants account for all profits made by Defendants and all damages incurred by AAA as a result of Defendants' acts of unfair competition, dilution, and false advertising;

D. That AAA be awarded treble damages, its reasonable attorneys' fees, and its costs and disbursements incurred in this action as a result of Defendants' willful acts under 15 U.S.C. § 1117; and

E. That AAA be awarded such further relief as this Court shall deem just and proper.

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES

| | |
|---|---|
| Dated: December 11, 2017 | Respectfully submitted, |
| | LAUBSCHER, SPENDLOVE & LAUBSCHER, P.C.<br>ROBERT D. SPENDLOVE |
| | By:     /s/ Robert D. Spendlove<br>       ROBERT D. SPENDLOVE |
| | Attorneys for Plaintiff<br>AMERICAN AUTOMOBILE ASSOCIATION, INC. |

- 12 -

COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, FALSE ADVERTISING, INJUNCTIVE RELIEF, AND DAMAGES